■ SIMON EINHORN, Respondent, v. ELEANOR L. EINHORN, Appellant.— Motion by respondent to dismiss appeal from an order of the Supreme Court, Queens County, entered May 26, 1966, which ruled on objections made during an examination before trial. Motion granted and appeal dismissed (*Matthews* v. *Schusheim*, 25 A D 2d 450). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

## THIRD DEPARTMENT, JUNE, 1966

## (June 3, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT EDMONDS, Appellant.— HERLIHY, J. This is an appeal from a judgment of conviction of the crime of robbery, second degree, after a jury trial in County Court of Albany County. The defendant raises many issues on this appeal, but it appears that there was strong proof of his guilt, both by positive identification and strong circumstantial evidence. The defendant contends that a certain wallet should not have been admitted in evidence, but no motion was made to suppress this evidence, either before or at the trial, nor did the defendant raise any objection to its receipt in evidence (*People* v. *Weems*, 17 N Y 2d 598). It appears that the complaining witness was permitted to testify as to his previous identification of the defendant as the person who robbed him, but since the identification was questioned by the defendant's counsel, it was permissible testimony. (See Code Crim. Pro., § 393-b; cf. *People* v. *Spinello*, 303 N. Y. 193.) We further find nothing in the cross-examination of the defendant and summation by the District Attorney which would warrant a reversal of this conviction. The response of the trial court to a question by the jury contains a discrepancy when compared to the testimony, but such discrepancy is not sufficient for the granting of a new trial. Judgment of conviction affirmed. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.

■ DUNN GARDEN APARTMENTS, INC., Appellant, v. COMMISSIONER OF ASSESSMENT AND TAXATION OF THE CITY OF TROY et al., Respondents. (And Three Other Actions.) — MEMORANDUM BY THE COURT. The Referee's considered evaluations and computations seem to us to have adequate evidentiary support, with the single exception of the capitalization rate applicable to building investment, which we find inadequate. Otherwise adopting, for the most part, the Referee's findings of value and his calculations, we find that the full value in each of the years in question was $1,100,000 and that for each of said years the property should be assessed as follows: Value of lands exclusive of buildings, $21,500; full value of real property, $825,000. Order modified, on the law and the facts, so as to fix the assessment for each of the years in issue at $825,000, of which $21,500 is upon the land, and, as so modified, affirmed, with costs to appellant. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.